JERRY W. AND JEANNETTE MULDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mulder v. Commissioner
Docket No. 33637-85.
United States Tax Court
T.C. Memo 1987-363; 1987 Tax Ct. Memo LEXIS 363; 53 T.C.M. (CCH) 1429; T.C.M. (RIA) 87363; July 23, 1987; Reversed and Remanded September 19, 1988 Merle R. Flagg, for the petitioners. William P. Hardeman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On January 27, 1986, respondent filed a motion to dismiss the above-entitled case for lack of jurisdiction on the ground that the petition was not filed within 90 days after the date of the mailing of the notice of deficiency and on March 10, 1986, petitioners filed a motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was not mailed to petitioner's last known address. Both motions were heard in Dallas, Texas on June 4, 1986. There was an evidentiary hearing consisting of a stipulation of facts, oral testimony and exhibits. The record shows that petitioners resided in Duncanville, *364 Texas at the time of the filing of their petition in this case. Respondent on May 4, 1984 mailed to petitioner, Jerry W. Mulder, by certified mail, a notice of deficiency addressed to Jerry W. Mulder (petitioner) at 4545 Mint Way, Dallas, Texas 75236 (the Mint Way address). As of December 31, 1980 petitioner resided at 703 Timer Trail Drive, Duncanville, Texas 75137 (the Timber Trail address) and still resided at that address at the time of the hearing on these motions. Petitioner's return for the calendar year 1980 was filed on June 19, 1981. The return was timely filed pursuant to an extension previously received for late filing of the return. Petitioner's 1980 return was prepared on his behalf by a Certified Public Accountant, John H. Eads (Mr. Eads). Mr. Eads' address in Dallas, Texas was shown underneath his signature on this return. The address shown on petitioner's 1980 return was the Mint Way address. The Mint Way address was the address of a partnership, Red Top Foods, which in 1980 was owned by petitioner and his parents. Petitioner's return reported income of $ 40,992 from Red Top Foods. Respondent in his notice of deficiency determined a deficiency in petitioner's *365 income tax in the amount of $ 9,116. This determination resulted from a disallowance by respondent of a $ 20,000 loss claimed by petitioner from Control Tech. Limited and a disallowance of contributions of $ 8,253 described as "contributions K-1." In early 1983, petitioner and his parents sold the business located at 4545 Mint Way to two other individuals who were friends of petitioner's parents. Neither petitioner nor his parents notified the post office of any change of address from the Mint Way address. Petitioner's mother and sometimes petitioner himself would go by the Mint Way address regularly and pick up mail addressed to petitioner or to his parents. Petitioner regularly received mail addressed to him at Mint Way up through sometime in 1984. Petitioner's mother was still picking up mail at the Mint Way address in May of 1984 and some mail was received there late in 1984 by petitioner and his parents and picked up by petitioner or his mother. A document addressed to petitioners at the Mint Way address was returned to respondent's Salt lake City office undelivered on January 17, 1984 with the notation on the envelope "Returned to Writer -- Moved, Left No Address." A *366 letter dated February 17, 1984 transmitting a Form 872-A for the calendar year 1980 was mailed from respondent's Salt Lake City office to petitioners at the Mint Way address and was returned undelivered on February 28, 1984 with a notation "Moved -- Left No Address From 75211." The returned letter of February 17, 1984 was returned to the administrative file with respect to petitioner's 1980 income tax on April 11, 1984 in San Francisco. A representative of respondent in Salt Lake City prepared the statutory notice of deficiency dated May 4, 1984 for the calendar year 1980 which was addressed to petitioners at the Mint Way address. The statutory notice was mailed from respondent's San Francisco office on May 4, 1984 by certified mail. Mr. Eads filed, on behalf of petitioners, a Form 4868 for the calendar year 1983 requesting an extension of time for filing petitioners' income tax return for the calendar year 1983. This form was signed by Mr. Eads on April 12, 1984. This form showed petitioners' address as 703 Timber Trail, Duncanville, Texas 75137. This was the first document filed with respondent by or on behalf of petitioner showing the Timber Trail address as petitioner's *367 address. However, that address had been shown on some documents filed by petitioner in purchasing a partnership interest in R&D Limited Partnership and International Oil Recovery Systems. The statutory notice of deficiency that was mailed to petitioner on May 4, 1984 was prepared on respondent's Form 5278 on or prior to March 27, 1984 since the initialed copy of the notice bears initials of the preparer under that date. The procedure in respondent's office is to have the preparer of a statutory notice check for the proper address of a taxpayer before preparing the initial draft of the notice, which is then sent forward to be reviewed by other persons in the office where the notice is prepared and finally signed on behalf of respondent by a person authorized to sign such a notice. Therefore, the check for an address is made by the preparer from 60 to 90 days prior to the date of the mailing of the notice. It is customary for the preparer of a notice to check the computer master file under the social security number of the individual to whom the notice is addressed to obtain the last address of that person at the time the notice is prepared. Generally, the reviewer of a statutory *368 notice does not make a check of the address to which the notice is to be sent. When a new address is received for an individual and put into respondent's master computer it takes at least 23 working days from the date the new address is received for it to be placed into the master computer file to show as the address of the individual who has sent in the new address. When a new address comes in for an individual on a subsequently filed tax return or a request for extension of time to file a return it is placed in respondent's master computer. The statutory notice of deficiency mailed by respondent to petitioner on May 4, 1984 was not returned to respondent. Under date of October 15, 1984 a Statement of Tax and Interest Due was addressed to petitioners at the Timber Trail address. When petitioner received the notice dated October 15, 1984, Statement of Tax and Interest Due, from respondent's Ogden, Utah Service Center, he turned it over to Mr. Eads, who responded to the statement. On December 17, 1984 respondent's Ogden representative responded to Mr. Eads' letter by letter to petitioner at the Timber Trail address. There was other correspondence between respondent's representatives *369 and Mr. Eads on behalf of petitioner with respect to the statement of petitioner's tax liability for the year 1980. In February, 1985 petitioner received a letter addressed to his Timber Trail address from a representative of respondent's Ogden, Utah office stating that a statutory notice of deficiency was mailed to petitioner on May 4, 1984 and not returned. This letter did not enclose a copy of the notice of deficiency. Mr. Eads also responded to this letter on behalf of petitioner. Under date of August 12, 1985 petitioner received from a representative of respondent at the Timber Trail address a handwritten notice to which was attached a copy of the statutory notice of deficiency mailed to petitioner on May 4, 1984. The petition in this case was filed September 3, 1985. It is respondent's position that a notice of deficiency was mailed to petitioner by certified mail at his last known address on May 4, 1984 and that no petition was filed from this notice within 90 days after the date of its mailing. Petitioner does not claim to have filed the petition within 90 days of May 4, 1984, but contends that the petition was filed within 3 weeks after he actually received a copy of *370 the notice of deficiency which had been mailed to him at the Mint Way address on May 4, 1984. It is petitioner's position that the notice of deficiency was not mailed to him at his last known address since respondent should have used more diligence in checking for his address. Petitioner takes the position that after two items addressed to him at the Mint Way address were returned, it was incumbent on respondent to have contacted his accountant or checked in the Dallas or Duncanville directory for a different address for him. Petitioner does not contend that at any time he directly furnished respondent with an address different from the Mint Way address until the filing of the request for extension of time to file his 1983 return in April 1984. Petitioner does contend that since respondent was investigating partnerships in which he had an interest, respondent should have procured the partnership agreement he had signed to have found the Timber Trail address. A taxpayer's last known address has been stated to be his last permanent address or legal residence known to respondent or the last known temporary address of a definite duration to which he has directed respondent to send *371 communications. , affd. . We further stated in that case that the relevant inquiry is as to the Commissioner's knowledge rather than as to what may in fact be the taxpayer's current address. It is, of course, clear under the provisions of section 6212(b)(1) [1] that a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address. In order for this Court to have jurisdiction to hear a case it is necessary that a valid statutory notice of deficiency be mailed to petitioner at his last known address and a timely petition be filed from that notice with this Court. It is therefore clear that we lack jurisdiction in this case. If respondent did mail the notice to petitioner's last known address the petition is untimely and if respondent did not mail the notice to petitioner's last known address there is no valid statutory notice under section 6212(b)(1). The burden is on petitioner *372 to show that he did provide respondent with clear and concise notification of his last known address. There are many cases discussing what is clear and concise notification. We have held in a number of cases that the mere showing of a different address on a return or other document for a subsequent year is not sufficient notification to respondent of a change of address. . However, a number of cases hold that where a subsequent address has appeared on a later filed document it is incumbent on respondent to use due diligence to determine if the address shown on petitioner's return for the year for which the notice is being sent is petitioner's last known address. Petitioner never specifically furnished respondent his Timber Trail address until sometime after April 12, 1984 when he filed a request for an extension of time to file his 1983 return. Even then he made no specific reference to his 1980 return. Since petitioner never furnished respondent with a specific notification of any change in his address until mid-April 1984, we must determine whether respondent should have been more diligent in attempting to ascertain *373 an address different from the one appearing on petitioner's 1980 return before he sent the statutory notice. There had been some documents returned to respondent's Salt Lake City office addressed to petitioner at the Mint Way address prior to the issuance of the statutory notice. However, these documents gave no different address for petitioner. Because the case was being worked on in both respondent's Ogden, Utah and San Francisco offices, the returned envelope did not actually find its way into the petitioner's 1980 administrative file until after the time that an address check would normally have been made by the preparer of the statutory notice. However, it is also clear that a further check of respondent's computer file after the documents were returned would not have turned up an address for petitioner other than the Mint Way address until after May 4, 1984, the date the notice was mailed. The record shows that the statutory notice was actually prepared prior to the time petitioner submitted a request for extension of time to file his 1983 return in mid-April 1984. Considering all the facts in this case, we conclude that there has been no showing that respondent did not use *374 due diligence in attempting to find petitioner's last known address. Furthermore, in this case there is responsibility on petitioner. Although the record is silent as to the address shown on petitioner's returns for 1981 and 1982, assuming returns were filed for those years, it is clear that no address other than the Mint Way address was used if such returns were filed, since there is no claim by petitioner of any document filed with respondent showing an address other than the Mint Way address prior to the filing in mid-April of the request for extension of time. Also, it is clear in the record that in the spring of 1983 the business at the Mint Way address was sold by petitioner and his parents. Instead of leaving a forwarding address they opted to have an informal system of picking mail up at that address. Why two documents from the Internal Revenue Service were not picked up there is unclear in the record. Petitioner testified that he received other mail addressed to him at the Mint Way address until after the end of May 1984. The record shows that the statutory notice was not returned to respondent, which leads to the presumption that it was delivered to the Mint Way address. *375 Why petitioner did not actually receive it is unexplained in the record. The testimony is that petitioner's mother was picking mail up at the Mint Way address after the date that the statutory notice would normally have been received at that address. Whether the persons running the business at the Mint Way address merely failed to give it to petitioner's mother, or petitioner's mother obtained it and failed to give it to petitioner, does not show from the record. Petitioner's mother did testify that she gave petitioner the mail she picked up for him at the Mint Way address. There was no testimony by the individuals who were running the business at the Mint Way address in 1984 as to their diligence in delivering all mail they received there for petitioner or his parents to petitioner or petitioner's mother. There is no showing in the record that any representative of respondent ever saw the partnership agreements signed by petitioner giving the Timber Trail address. There is some showing that respondent was investigating these partnerships but this is far from a showing that respondent saw every agreement signed by any participant. Petitioner actually lived at the Timber Trail *376 address at the time his 1980 return was filed, but chose to use the Mint Way business address on his return. Respondent was not only justified in concluding that the Mint Way address used on the return was the address to which petitioner wished mail to be sent, but would not have been justified in assuming petitioner wished his mail sent to some other address. We hold that respondent did properly mail the statutory notice of deficiency to petitioners' last known address and that the petition in this case was not filed within 90 days after the mailing of that notice. We, therefore, grant respondent's motion to dismiss for lack of jurisdiction and deny petitioner's motion. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. ↩